IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HUNT VALLEY BAPTIST
CHURCH, INC.,
   *Plaintiff*,

v.

BALTIMORE COUNTY, MARYLAND,
*et al.*
   *Defendants*.

Civil Action No. ELH-17-804

**MEMORANDUM**

In this land use case, plaintiff Hunt Valley Baptist Church, Inc. ("HVBC" or the "Church") filed suit against Baltimore County and the Board of Appeals of Baltimore County (the "Board"), alleging, *inter alia*, violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), codified at 42 U.S.C. §§ 2000cc *et seq.*; the Free Exercise Clause of the First Amendment; the Equal Protection Clause of the Fourteenth Amendment; and Article 36 of the Maryland Declaration of Rights. ECF 1 ("Complaint").[1]

Now pending is defendants' "Motion to Stay Federal Case Until Resolution of the Plaintiff's Petition for Judicial Review in State Court" (ECF 25), which is supported by a memorandum of law. ECF 25-1 (collectively, "Motion to Stay"). Plaintiff opposes the Motion to Stay (ECF 29), and defendants have filed a reply. *See* ECF 30. Subsequently, defendants filed a "Motion to Stay Discovery Pending Ruling on Motion to Stay Entire Case" (ECF 35), with a supporting memorandum of law. *See* ECF 35-1 (collectively, "Motion to Stay

---

[1] By Order of October 17, 2017 (ECF 17), I granted defendants' motion to dismiss the Church's claim under the Due Process Clause of the Fourteenth Amendment, and as to plaintiff's request seeking judicial review of the Board's decision of February 2017. *See also* ECF 21 (Amended Memorandum Opinion). However, I denied the motion as to all other claims. *See* ECF 17; *see also* ECF 21. Additionally, I denied defendants' "Motion to Drop the Board of Appeals of Baltimore County" from the lawsuit (ECF 9). *See* ECF 17; ECF 21.

Discovery"). Plaintiff opposes the Motion to Stay Discovery (ECF 36), and defendants have replied. ECF 37.

Additionally, plaintiff filed a "Motion to Strike Portions of Defendant's Answer" (ECF 24), which is supported by a memorandum of law. *See* ECF 24-1 (collectively, "Motion to Strike"). Defendants oppose the Motion to Strike (ECF 31), and plaintiff has replied. *See* ECF 34.

The motions are fully briefed, and no hearing is necessary to resolve them. *See* Local Rule 105.6. For the reasons stated below, I shall deny the motions to stay. And, I shall grant in part and deny in part the Motion to Strike.

I. **Factual and Procedural Background**[2]

As discussed at length in my Amended Memorandum Opinion of October 24, 2017 (ECF 21), HVBC sought a special exception to build a church on 16.6 acres of land located at 821 Shawan Road in Cockeysville, Maryland. *See* ECF 21 at 4-18. However, on February 22, 2017, a majority of the Board rejected the Church's zoning request. *Id.* at 15-17; *see also* ECF 8-2 at 131-144 ("Board's Decision").[3]

Soon after, on March 23, 2017, plaintiff initiated suit in this Court. *See* ECF 1. On November 15, 2017, plaintiff also filed a petition in the Circuit Court for Baltimore County, seeking judicial review of the Board's Decision. ECF 25 at 1, ¶ 1. By Order of October 17, 2017 (ECF 17), I denied in part and granted in part defendants' motion to dismiss. *See also* ECF 21. Thereafter, defendants answered the Complaint. ECF 22 ("Answer").

---

[2] I shall limit the factual and procedural background to include only matters of relevance to this Memorandum.

[3] The Board's Decision was submitted as an exhibit to defendants' dispositive motion. *See* ECF 8-2.

Plaintiff subsequently filed a Motion to Strike (ECF 24) many of the affirmative defenses asserted by defendants in their Answer and to deem as admitted large swaths of the Complaint. *See, e.g.*, ECF 24-1 at 13. Additionally, defendants have filed two motions to stay. As indicated, the Motion to Stay (ECF 25) seeks to stay the litigation here until the Circuit Court for Baltimore County has resolved plaintiff's petition for judicial review of the Board's Decision. The Motion to Stay Discovery (ECF 35) seeks to stay discovery until I rule on the Motion to Stay (ECF 25).

On an unspecified date, various interested parties (not defendants here) filed a motion in the Circuit Court for Baltimore County to dismiss the petition for judicial review lodged in that court. On March 12, 2018, counsel for plaintiff informed this Court that, on March 7, 2018, the circuit court denied defendants' motion to dismiss plaintiff's petition for judicial review. ECF 38 (correspondence of March 12, 2018); *see also* ECF 38-1 (circuit court order of March 7, 2018). However, the circuit court stayed the suit, pursuant to the Church's request.[4] *See* ECF 38; *see also* ECF 38-2 (circuit court order of March 7, 2018). The circuit court also requested a status report as to the federal case, due within 180 days. ECF 38-2.

On March 13, 2018, Valley Planning Council, Inc. asked the circuit court to reconsider its decision to stay the State case. *See* ECF 39-1 (motion for reconsideration, dated March 13, 2018). The circuit court denied that motion. *See* ECF 40-1 (circuit court order of March 19, 2018). However, the circuit court said, ECF 40-1: "If the Federal Action . . . is stayed by the United States District Court, then [the Circuit] Court may reconsider" its decision to stay litigation in that court.

Additional facts are included in the Discussion.

---

[4] This Court has not been provided with a copy of the motion to stay filed by the Church in the circuit court.

## II. Discussion

### A. Motions to Stay

In its Motion to Stay (ECF 25), defendants argue, *inter alia*, that because plaintiff "has sought judicial review of the decision of the Board" in the Circuit Court for Baltimore County, "this Court should allow that process to reach finality before it permits Plaintiff's federal claims to proceed further." *Id.* at 3-4. Plaintiff counters, *inter alia*, that granting defendants' Motion to Stay would unnecessarily delay resolution of this suit. ECF 29 at 11. Additionally, plaintiff points out that a "ruling against the Church in the Circuit Court proceeding will not moot Plaintiff's claims, and even a ruling in its favor will not address the Church's claim" under RLUIPA. *Id.* at 10.

A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket. *Landis v. North American*, 299 U.S. 248, 254 (1936). But, that discretion is not without limits. *In re Sacramento Mun. Utility Dist.*, 395 F. App'x 684, 687 (Fed. Cir. 2010). A court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255; *see also United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) ("The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.").

In particular, the court must consider "the length of the requested stay, the hardship that . . . the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *In re Mut. Funds Litigation*, JFM-04-1274, 2011 WL 3819608, *1 (D. Md. Aug. 25, 2011). In order to issue a stay, a court must be satisfied that a "pressing need" exists, and that

"the need for a stay outweighs any possible harm to the nonmovant." *Elite Const. Team, Inc. v. Wal-Mart Stores, Inc.*, JKB-14-2358, 2015 WL 925927, at *3 (D. Md. Mar. 2, 2015).

As noted, defendants have moved to stay the suit before me until litigation in the Circuit Court for Baltimore County is resolved. ECF 25. But, the litigation has already been stayed in the circuit court. ECF 40-1. In its order of March 19, 2018 (ECF 40-1), the circuit court offered no explanation for its decision to stay. But, it appears that, as the first court to rule on a motion to stay, it opted to allow the federal case to proceed first. Resolution of the proceedings on judicial review might result in a ruling in the Church's favor, and could, perhaps, obviate the need for further litigation. But, if plaintiff is intent on a resolution of its RLUIPA claim, such a ruling would not resolve that claim.

Therefore, I shall deny defendants' Motion to Stay. ECF 25. Accordingly, defendants' Motion to Stay Discovery (ECF 35), which merely seeks to stay discovery until I have ruled on the Motion to Stay, is denied, as moot.

### B. Motion to Strike

#### 1.

Defendants filed their Answer (ECF 22) on November 3, 2017.[5] As noted, plaintiff has moved to strike portions of it and asks the Court to deem portions of the Complaint as having been admitted. *See, e.g.*, ECF 24-1 at 13.

Rule 12(f) governs a motion to strike. It states:

---

[5] The Answer was served electronically. *See* Local Rule 102.1.c ("If a document is filed electronically, the notice of electronic filing constitutes a certificate of service as to all parties to whom electronic notice is sent."). As indicated, a motion to strike is to be filed "by a party . . . within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Therefore, the Motion to Strike ordinarily would have been due by Friday, November 24, 2017. However, because the Court was closed that day, plaintiff timely filed the Motion to Strike on Monday, November 27, 2017.

> **[12](f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> > **(1)** on its own; or
> >
> > **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f) (bold in original); *see also, e.g.*, *Haley Paint Co. v. E.I. du Pont de Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012). In determining whether to grant a motion to strike, the court "enjoys wide discretion . . . in order to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Id.* at 336.

"Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted); *see also Renaissance Greeting Cards, Inc. v. Dollar Tree Stores*, 227 F. App'x 239, 247 (4th Cir. 2007). Therefore, "[w]hen reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" *Piontek v. Serv. Ctrs. Corp.*, PJM-10-1202, 2010 WL 4449419, at *8-9 (D. Md. Nov. 5, 2010) (citation omitted).

Ordinarily, Rule 12(f) motions "will be denied unless the matter under challenge has 'no possible relation to the controversy and may prejudice the other party.'" *U.S. ex rel. Ackley v. Int'l Bus. Machines Corp.*, 110 F. Supp. 2d 395, 406 (D. Md. 2000) (quoting *Steuart Inv. Co. v. Bauer Dredging Constr. Co.*, 323 F. Supp. 907, 909 (D. Md. 1971)); *accord Williams v. Kettler Mgmt. Inc.*, CCB-12-1226, 2014 WL 509474 (D. Md. Feb. 5, 2014); *E.E.O.C. v. Spoa, LLC*, CCB-13-1615, 2014 WL 47337 (D. Md. Jan. 3, 2014). In contrast, "'the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations, *i.e.*, those that improperly cast a derogatory light on someone.'" *Asher & Simons, P.A. v. J2 Global Canada, Inc.*, 965 F. Supp.

2d 701, 702 (D. Md. 2013) (citation omitted), *partial reconsideration on other grounds*, 977 F. Supp. 2d 544 (D. Md. 2013). But, a motion to strike a defense "should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law." *NCUA v. First Union Capital Mtks. Corp.*, 189 F.R.D. 158, 163 (D. Md. 1999); *see Fed. Ins. Co. v. Edenbaum*, JKS-12-410, 2012 WL 2803739, at *2 (D. Md. July 9, 2012).

**2.**

In the Motion to Strike, plaintiff argues that many of the affirmative defenses raised by the Answer are conclusory, lack factual support, and should therefore be stricken from the Answer. *See* ECF 24-1 at 3. Specifically, plaintiff challenges the following affirmative defenses asserted by the Answer, ECF 24 at 3 (citing ECF 22 at 19-23):

   1. Governmental immunity.
   2. Qualified Immunity.
   3. Statutory Immunity.
   4. Public Official Immunity.
   5. Assumption of risk.
   6. Contributory negligence.
   7. Estoppel.
   8. Illegality.
   9. Laches.
   10. Statute of Limitations.
   11. Waiver.
   12. Res judicata/collateral estoppel.
   13. Judicial estoppel.
   \*     \*     \*
   16. Land use is one of the historical powers of state and local government.
   \*     \*     \*
   26. Plaintiff was the moving force behind the denial of its own petitions for special exception and special hearing.
   \*     \*     \*
   36. Plaintiff is not entitled to a free pass from the County's zoning regulations.
   \*     \*     \*
   38. The Board members are entitled to a presumption of honesty and integrity.

Defendants counter, *inter alia*, that these affirmative defenses comply with Fed. R. Civ. P. 8(c)(1), which "lists 18 one or two word defenses." ECF 31 at 8. Defendants aver that "the

clear implication" of Rule 8(c)(1) "is that it is permissible [for a party] to use these and other well-known, short-hand legal phrases that capture the essence of the identified defense . . . ." *Id.* at 9.

Reviewing the Answer in the light most favorable to defendants, *Piontek*, 2010 WL 4449419, at *8-9, I conclude that some of the affirmative defenses listed in the Answer have a "'possible relation to the controvers[ies]" at issue in this case. *See U.S. ex rel. Ackley*, 110 F. Supp. 2d at 406. Conversely, given the claims raised in the Complaint, some of the affirmative defenses appear specious.

The defenses of assumption of the risk, contributory negligence, illegality, and laches appear unrelated to the suit. These defenses shall be stricken, without prejudice to defendants' right to move to renew them based on a factual predicate.

**3.**

The Motion to Strike also argues that defendants' Answer fails to admit or deny multiple portions of the Complaint. *See* ECF 24-1 at 4-8, 10-13. Instead, plaintiff argues, the Answer states that defendants have "Insufficient Information" to admit or deny those portions of the Complaint. *Id*. And, plaintiff contends that defendants either knew the information necessary to admit or deny all portions of the Complaint or could have discovered such information had they looked. *Id.* at 10-13. Therefore, plaintiff moves for the Court to "deem the allegations set forth" in the Complaint "to which Defendants answered 'Insufficient Information'" as being "admitted." ECF 24-1 at 13. Plaintiff points to no legal authority from a court within the Fourth Circuit to support its position.

Defendants counter, *inter alia*, that they have "no present knowledge" of the facts plaintiff asks the Court to deem admitted. ECF 31 at 12. Additionally, defendants argue that

they "would have had to conduct a weeks-long investigation of various, complex, and unrelated matters in order to admit or deny the allegations." *Id.*

Fed. R. Civ. P. 8(b)(5) states: "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state [in its Answer], and the statement has the effect of a denial." As noted, defendants assert that they have "no present knowledge" about the portions of the Complaint plaintiff asks the Court to deem as admitted. ECF 31 at 12. Reviewing the Answer in the light most favorable to defendants, *Piontek*, 2010 WL 4449419, at *8-9, I am unable to conclude that they failed to satisfy Rule 8(b)(5).

An Order follows, consistent with this Memorandum.

Date: March 29, 2018                                           /s/
                                                                                       Ellen Lipton Hollander
                                                                                       United States District Judge