**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-4953

November 5, 2018

LETTER TO ALL COUNSEL OF RECORD

Re: *Hunt Valley Baptist Church, Inc. v. Baltimore County et al.*
Civil No. 1:17-cv-00804-ELH

Dear Counsel:

This case concerns an action filed by Hunt Valley Baptist Church, Inc. against Baltimore County (the "County") and the Baltimore County Board of Appeals (the "Board") for allegedly violating the Religious Land Use and Institutionalized Persons Act of 2000, and the First and Fourteenth Amendments to the United States Constitution by prohibiting the construction of a church at 821 Shawan Road, Hunt Valley, MD, 21030 (the "property").

This matter was referred to me for discovery and related scheduling. (ECF No. 71). Pending before this Court are three motions, (ECF Nos. 70, 77, and 79), one of which is ripe for review: Plaintiff's Motion to Quash and Motion for Protective Order, (ECF No. 70), challenging Defendants' Subpoena served on Ken Wells and K.J. Wells, Inc. (ECF No. 70-3). The issues are briefed and no hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the reasons stated, Plaintiff's Motion to Quash and Motion for Protective Order is GRANTED in part and DENIED in part.

Plaintiff claims that Mr. Wells is a retained non-testifying consulting expert and therefore his work product and communications with Plaintiff's counsel are privileged under Fed. R. Civ. P. 26(b)(4)(D). (ECF No. 70-1 at 4, 7). Defendants contend that "other than the asserted work product privilege, Mr. Wells' documents are otherwise discoverable" because Fed. R. Civ. P. 26(b)(4)(D) and attorney-client privilege are inapplicable under the circumstances. (ECF No. 76 at 7-8). Additionally, Defendants ask that, in the event that Plaintiff's motion was granted, the Court would conduct an *in camera* review of the disputed documents.

*Background*

The property was conveyed to Plaintiff by a recorded Deed dated December 18, 2012. (ECF No. 76 at 1). In hopes of constructing a new church, Plaintiff retained Mr. Wells and K.J. Wells, Inc. to assist in obtaining a special exception to construct on the recently conveyed property. (ECF No. 70-1 at 2). In doing so, Mr. Wells helped "prepare and revise drawings, plans and all engineering aspects of the applications. (*Id.*). He was "intricately involved in the applications" for the special exception, assisted in the planning and strategizing, and even testified before the Baltimore County Administrative Law Judge (the "ALJ") and the Board of Appeals. (*Id.*). Although the ALJ granted the exception, the Board denied Plaintiff's application, and this suit followed. (ECF No. 21).

Prior to the conveyance to Plaintiff, to the former owners granted to the County a Deed of Conservancy Area Easement covering approximately 70% of the property—including that area of the property on which the proposed church is to be built—as part of a subdivision plan. (ECF No. 76 at 2). Coincidentally, the subdivision plan was prepared by Mr. Wells in 2006. While the ALJ's opinion discussed the Conservancy Area Easement and permitted construction despite it, the Board's decision reversing the ALJ led the Defendants to conclude that the existence of the Conservancy Area Easement may be dispositive of the entire case. As such, Defendants issued the disputed subpoena to Mr. Wells given his involvement in establishing the easement in 2006, and his subsequent involvement in the efforts to obtain an exception to it.

*Expert Protections*

Plaintiff claims that it retained Mr. Wells and his company as engineering experts to assist with Plaintiff's application for a zoning exception to construct the church. (ECF No. 70-1 at 5). This included retention during the administrative proceedings, the petition to the Board, and the current litigation. (*Id.*). In Plaintiff's view, Mr. Wells is a non-testifying consulting expert and deserving of the protections afforded such experts under Fed. R. Civ. P. 26(b)(4)(D). (*Id.* at 7). Defendants argue that Fed. R. Civ. P. 26(b)(4)(D) is inapplicable because Mr. Wells already testified as an expert witness in this matter before the Board of Appeals. (ECF No. 76 at 8). Defendants further contend—having now asserted Mr. Wells' earlier involvement in the potentially dispositive easement—that regardless of his position as an expert, they have substantial need for the information he holds and intend to call him as a witness to this case, making Rule 26(b)(4)(D) less applicable.

Rule 26(b)(4)(D) protects non-testifying consulting experts retained in anticipation of litigation from testifying or producing information absent exceptional circumstances. But even where an expert is retained to testify, communications with counsel are still protected "except to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C).

In the Court's view, Mr. Wells cannot be afforded the full protections of a consulting expert after having testified during the administrative proceedings. Mr. Wells did not testify in an entirely separate case, but in that which precipitated this action. Plaintiff now challenges the constitutionality of the Board's decision, and its Complaint references a "licensed surveyor" who "testified as [an] expert[]" before the ALJ—now known to be Mr. Wells. Moreover, Plaintiff failed to provide any support to show how an expert who previously testified could be re-cloaked with the protections of a non-testifying consulting expert. Nevertheless, Mr. Wells may serve as both a testifying and consulting expert, but by doing so those materials considered in forming his testimony are discoverable, regardless of how those materials were utilized in his role as a consulting expert. *See Beverage Mktg. Corp. v. Ogilvy & Mather Direct Response, Inc.*, 563 F. Supp. 1013, 1014 (S.D.N.Y. 1983) ("It is conceivable that an expert could be retained to testify and in addition to advise counsel outside of the subject of his testimony. Under such a circumstance it might be possible to claim a work product privilege if this delineation were clearly made.").

Additionally, Mr. Wells plays another role in this case separate and apart from his role as a consulting or testifying expert. Given his work in preparing the previous property owner's subdivision plan in 2006—including the easement in question—Mr. Wells is a fact witness as to

those events and activities. These activities pre-date his expert work for Plaintiff and, absent some other basis, are discoverable by Defendants to the extent the materials are otherwise responsive to the subpoena.

In its Reply, Plaintiff asserts that any information held by Mr. Wells concerning the initial easement is irrelevant because the easement is not new information, but central to this dispute, prompting the application for special exception at issue now claimed to be unconstitutionally denied. (ECF No. 80 at 4-7). The ALJ approved the exception and the Board's decision mooted the ALJ's decision concerning the easement. In the Court's view, the easement remains a hurdle to construction and therefore, in spite of the constitutional challenges, is relevant to this case.

*Conclusion*

Therefore, Mr. Wells will be viewed as a fact witness with regard to his work in the original subdivision plan in 2006, and as both a testifying and non-testifying consulting expert with regard to his expert activities on behalf Plaintiff in this matter. Relevant Information prior to his retention is fully discoverable unless protected under another basis. Information from after retention and in relation to his testimony is discoverable pursuant to the limitations set forth by Fed. R. Civ. P. 26(b)(4)(C). Information from after retention and only in relation to his role as a consultant may be properly protected by work-product privilege and the limitations set forth by Fed. R. Civ. P. 26(b)(4)(D).

The Court declines Defendants' offer for *in camera* review and instructs the Parties to proceed pursuant to this opinion with the production and dissemination of privilege logs sufficient enough to, in the unlikely event, guide future challenge. Lastly, neither party argued the necessity of a protective order nor does the Court see the necessity for one at this time.

Accordingly, Plaintiff's Motion to Quash and Motion for Protective Order, (ECF No. 70) is GRANTED in part and DENIED in part. Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

                                                  Sincerely yours,

                                                  /s/
                                              J. Mark Coulson
                                              United States Magistrate Judge

cc: Judge Ellen L. Hollander