UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-4953

January 16, 2019

LETTER TO ALL COUNSEL OF RECORD

Re: *Hunt Valley Baptist Church, Inc. v. Baltimore County et al.*
    Civil No. 1:17-cv-00804-ELH

Dear Counsel:

    This case concerns an action filed by Hunt Valley Baptist Church, Inc. ("HVBC") against Baltimore County (the "County") and the Baltimore County Board of Appeals (the "Board") for allegedly violating the Religious Land Use and Institutionalized Persons Act of 2000, and the First and Fourteenth Amendments to the United States Constitution by prohibiting the construction of a church at 821 Shawan Road, Hunt Valley, MD, 21030. This matter was referred to me for discovery and related scheduling. (ECF No. 71). Pending before this Court is Plaintiff's Motion to Compel the Deposition Answers of the Defendants' Designee. (ECF No. 91). The issues are briefed, and no hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the reasons stated below, Plaintiff's Motion is **DENIED**.

    On October 19, 2018, Plaintiff served a Notice of Deposition upon Defendants that included forty-one (41) topics to be testified to by the Defendants' designee(s).[1] (ECF No. 96-2). Defendants responded to the notice on November 27, 2018, (ECF No. 91-2), and the Rule 30(b)(6) deposition was held on November 28, 2018. During the deposition Defendants produced nine (9) designees to testify and permitted the deposition to continue for ten (10) hours. (ECF No. 95 at 3). Notably, the Parties contacted this Chambers concerning the issues at hand that morning, but I was in a settlement conference and unable to take the call. (ECF No. 96-3 at 44:1-6). Fortunately, the Parties did proceed and now present to the Court the disputes that arose.

    Plaintiff contends that no individuals were designated to testify as to Topics 35 and 37; and that Defendants' designees were inadequately prepared to testify as to Topics 2, 12, 26, 28, and 29. (ECF No. 91). Based on these failures, Plaintiff asks this Court to reopen discovery for an additional Rule 30(b)(6) deposition of the Defendants and to compel the designation of adequately prepared individuals to testify as to the seven outstanding topics. (*Id.*). In the alternative, Plaintiff asks this Court to bar the Defendants from making any argument or introducing evidence at trial related to the topics at issue. (ECF No. 96 at 20). Plaintiff further requests sanctions in the form of attorneys' fees and cost. (*Id.*).

    Defendants' objections generally fall into three categories: (1) the topics are vague, overbroad, lack particularity, or are unduly burdensome; (2) the demanded answers are either nonexistent or unconnected to their "related" topic; and (3) the topics are temporally overbroad. (*See* ECF No. 95). Each topic will be addressed in turn.

    *Topic 2*

---

[1] The notice was amended and reissued on October 30, 2018 to reflect the deposition's location being changed to a building owned by the County. (ECF No. 91-1).

1

Topic 2 asks for a designee to testify as to "[t]he County's review, report, recommendations, decisions, and communications concerning the Plaintiff's Applications and proposed use of the Subject Property." (ECF No. 91). Plaintiff argues that none of the three original designees, nor the additional designee at the deposition, could adequately testify on this topic. Specifically, Plaintiff asserts that none of the designees could testify as to "whether the recommendations made by the County's Zoning Advisory Committee regarding the Plaintiff's application were satisfied." (ECF No. 96 at 7). In response, Defendants argue that there is no such thing as "satisfaction of recommendations" and that each designee testified extensively. (ECF No. 95-6).

As an initial matter, Plaintiff cannot obtain testimony concerning a practice that does not exist. Notwithstanding that barrier, it is the Court's belief that the dispute arose because Topic 2 lacks reasonable particularity. Under Federal Rule of Civil Procedure 30(b)(6), a party may send notice of a deposition to an organization, in which it must "describe with reasonable particularity the matters in which examination is requested." Fed. R. Civ. P. 30(b)(6). The Rule represents a tradeoff: an organization will be bound by the answers of the designee, but only if the notice gives fair warning of the specific area of inquiry. When a topic is not reasonably particular "the responding party is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible." *Lipari v. U.S. Bancorp, N.A*, No. 07–2146–CM–DJW, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008). Blanket requests for testimony regarding unidentified "communications" do not meet the reasonable particularity standard. *See Richardson v. Rock City Mech. Co., LLC*, CV 3-09-0092, 2010 WL 711830, at *9 (M.D. Tenn. Feb. 24, 2010) (ordering the plaintiff to revise his deposition topics "to focus on the information he really seeks in contrast to all communications, in whatever form . . . ."); *Phoenix Life Ins. Co. v. Raider–Dennis Agency, Inc.,* 07–CV–15324, 2010 WL 4901181, at *3 (E.D. Mich. Nov. 24, 2010) (striking topics seeking "all communications" because "[t]he burden of this far-reaching topic far outweighs its likely benefit."); *In re Jemsek Clinic, P.A.*, 06-31766, 2013 WL 3994666, at *6 (Bankr. W.D.N.C. Aug. 2, 2013) (topics requesting unspecified "communications" with various parties "encompass thousands of potentially irrelevant communications.").

Topic 2 calls for the designee to be familiar with a potentially countless amount of communications, many, if not most, of which would be irrelevant to the claims at issue. Furthermore, Plaintiff's interpretation of the topic's scope appears to encompass any information regarding the County and its actions related to the Property. This leaves the designees in the impossible position of either knowing everything or being inadequately prepared. Therefore, the Court will not compel further testimony as to Topic 2.

*Topic 12*

Topic 12 requests a designee to testify as to "[c]ommunications between the County's and the Board's officials, agents, and/or employees and third parties, including but not limited to the Protestants, concerning the Church's Applications." Plaintiff argues that the one designee had no knowledge and that "Plaintiff is aware that there were such communications, and these are relevant to Plaintiff's claims under the Nondiscrimination section of RLUIPA . . ." (ECF No. 91). Defendants objected to the topic as overbroad and unduly burdensome before and during the deposition. The Court agrees with Defendants.

Not only does Topic 12 lack reasonable particularity by demanding testimony as to unidentified communications, but it further expands any perceivable limits to communications with "officials, agents, *and/or* employees and third parties, *including but not limited* to the Protestants . . . ." (emphasis added). The reasonable particularity required by Rule 30(b)(6) is severely undermined by amorphous language such as "and/or" and "including but not limited to." *See Richardson*, 2010 WL 711830, at *10 (2010) (stating, "topics in a rule 30(b)(6) notice are themselves overbroad if they include 'including but not limited to' language"); *Tri–State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 125 (D.D.C.2005) (finding topics overbroad

2

due to "including but not limited to" language and stating, "[l]isting several categories and stating that the inquiry may extend beyond the enumerated topics defeats the purpose of having any topics at all"). Ultimately Topic 12's language expands the possible subjects of testimony to an indefinite limit and effectively prevents any designee from adequately preparing. Considering the extensive discovery already completed by the parties, Plaintiff could have reasonably narrowed the Topic to focus on those communications that served as the basis for its Topic 12 request. Thus, the Court will not compel further testimony as to Topic 12.

*Topic 26*

Topic 26 asks to depose a designee as to "[t]he County's policies, practices and procedures for reviewing applications for special exceptions and/or special hearings." Plaintiff argues that the designees' testimony was insufficient in that it only focused on the initial processing of applications. Defendants counter that the three designees adequately testified and all information under the topic is easily accessible public knowledge. While the existence of documents elsewhere does not excuse designation and testimony, the Court is, nevertheless, inclined to deny Plaintiff's request concerning Topic 26. Plaintiff briefly addresses a deficiency in the designees' Topic 26 testimony in its initial motion, (ECF No. 91), but provides no elaboration, evidence, records, or argument to substantiate its request to compel testimony. (*See* ECF No. 96). Since these motions came before the Court after the deposition, it is Plaintiff's burden to show that the designee's testimony was inadequate. Without more this Court cannot find in favor of Plaintiff and will not compel further testimony as to Topic 26.

*Topics 28 and 29*

Topics 28 and 29 similarly prompt notice that the deposition would touch on "[a]ll zoning and development applications for the Hayfield Property" and "[a]ll zoning and development applications for the St. Mary's Property," respectively. Plaintiff argues that both properties serve as relevant comparators in this action and that none of the designees provided knowledgeable or relevant testimony. Defendants objected to both topics as overbroad, unduly burdensome, and temporally overbroad before and during the deposition. Defendants further assert that Plaintiff established a relevant scope of discovery, of January 1, 2006 to the present, in its Instruction No. 12 to the First Request for Production of Documents. The Court hesitates to define the scope of relevant discovery or to hold that the properties are or are not comparators. The Court is, however, inclined to find that Topics 28 and 29 are not reasonably particular.

The Hayfield Property is a country club whose applications date back to 1996, and St. Mary's is a neighboring church whose applications date back to 1984. After reviewing the little record of the deposition available to the Court, it appears that Plaintiff desired a designee that could testify as to decisions, commission findings, water quality issues, petitions, the zoning and development applications, among other circumstances surrounding the properties since their original development to the present. While it does not appear that Defendants seriously attempted to prepare their designees,[2] the Court is hard-pressed to find fault when Plaintiff's interpretation of the topics seems to encompass all actions, communications, and processes pertaining to the two properties for over 25 years and 35 years respectively. Thus, the Court will not compel further testimony as to Topics 28 and 29.

*Topics 35 and 37*

---

[2] Defendants' designees seemed to rely on personal knowledge or those public records maintained by the County concerning both properties. Although there is no requirement that past employees be interviewed in preparation of a Rule 30(b)(6) deposition, temporal distance and changes in employment "do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996).

3

Topics 35 and 37 ask for a designee to testify on "[t]he County's Responses to Plaintiff's Interrogatories served in this case" and "[t]he Defendants' Answer to the Complaint filed in this case including its affirmative defenses," respectively. (ECF No. 91-1). Defendants did not designation anyone to testify as to these topics and instead indicated that the documents speak for themselves. (ECF No. 91-2 at 11). Plaintiff correctly argues that Rule 30(b)(6) obligates the designation of individuals to testify as to every topic noticed. An organization "may not refuse unilaterally to designate an individual under Fed. R. Civ. P. 30(b)(6)." *Proa v. NRT Mid-Atl., Inc.*, CV AMD-05-2157, 2008 WL 11363286, at *10 (D. Md. June 20, 2008) (listing cases). Defendants indeed had no designee prepared to testify on that topic. The Court, nevertheless, will not compel designation and testimony for Topics 35 and 37 because these topics suffer from the same lack of specificity as those discussed above.

As Plaintiff states, the Complaint is extensive, and the Court can imagine that the interrogatories are equally, if not more, extensive. It is the Court's view that to require the designation of an individual to testify as to the whole of Defendants' responses to interrogatories, answer to the Complaint, and affirmative defenses would be the functional equivalent of requiring counsel to "muster all of its factual evidence" and present its entire defense through a designee's testimony. *See e.g.*, *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000) (finding that notice was overbroad when it requested a designee to testify as to all responses to interrogatories and requests to production); *Sheehy v. Ridge Tool Co.*, 3:05CV01614 CFDTPS, 2007 WL 1548976, at *4 (D. Conn. May 24, 2007) (finding that simply referencing a pleading "does not describe 'with reasonable particularity' the issues that will be addressed at the deposition."); *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255, 263 (M.D.N.C. 2010) (holding that a topic seeking testimony as to the "basis for Defendants' asserted counterclaims and defenses" lacks reasonable particularity.).

To be clear, topics concerning particular interrogatories or assertions in answers are not *per se* overbroad. For example, a hypothetical topic concerning "responses to interrogatories 6-8" would be reasonably particular, provide an opportunity for a designee to be adequately prepared, and likely lead to a productive deposition. But a topic listing all interrogatory responses individually would be the functional equivalent of Plaintiff's Topic 35 and would cease to be reasonably particular.

Accordingly, the Court finds that Topics 35 and 37 lack reasonable particularity and will not compel additional designations or testimony.

*Conclusion*

The Court must independently construe and administer discovery rules "to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In completing its obligations of active case management, this Court must always measure discovery against relevance to the claims and defenses and the ever present "yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010) (citing Fed. R. Civ. P. 26(b)(2)(C)). Whether it is pursuant to a party's motion or on its own initiative, this Court "must limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative" or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

The topics reveal that Plaintiff did not intend to streamline discovery but sought "to reexamine at the end of discovery the universe of information" produced by the Defendants. *Prasad*, 323 F.R.D. at 99 (2017). Moreover, that universe is expansive. Deposition hours were increased and exhausted. Tens of thousands of

documents were exchanged.  At least two sets of interrogatories were exchanged.  And the deposition in question extended over 10 hours with nine separate designees and 36 attached exhibits.  While a Rule 30(b)(6) deposition can be a natural conclusion to extensive discovery, such a deposition guided by vastly overbroad topics is only cumulative, unproductive, and unduly burdensome.

Accordingly, Plaintiff's request to reopen discovery and for sanctions, (ECF No. 91), is **DENIED**.  Furthermore, Plaintiff's alternative request that Defendants be barred from making any argument or introducing evidence at trial regarding the specific topics at issue is **DENIED**.  Not only is it extreme under the circumstances but barring what falls under Plaintiff's vastly overbroad topics would effectively prevent the Defendants from presenting any case at all.   That said, Plaintiff is free to object to attempts to introduce specific evidence that was withheld in the face of a valid discovery request and have that matter addressed by the trial judge.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

Sincerely yours,


_____/s/_____
J. Mark Coulson
United States Magistrate Judge


cc: Judge Ellen L. Hollander