THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HUNT VALLEY BAPTIST
CHURCH, INC.,
    *Plaintiff*,

v.

BALTIMORE COUNTY, MARYLAND
et al.,
    *Defendants*.

Civil Action No. ELH-17-804

## MEMORANDUM

In this land use and First Amendment case, plaintiff Hunt Valley Baptist Church, Inc. ("HVBC" or the "Church") filed suit against Baltimore County and the Board of Appeals of Baltimore County (the "Board"), alleging, *inter alia*, violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), codified at 42 U.S.C. §§ 2000cc *et seq.*; the Free Exercise Clause of the First Amendment; the Equal Protection Clause of the Fourteenth Amendment; and Article 36 of the Maryland Declaration of Rights. ECF 1 ("Complaint").[1]

Now pending is defendants' "Motion for Leave to File an Amended Answer to the Complaint," which is supported by a memorandum of law (ECF 98-1) (collectively, the "Motion") and three exhibits. The proposed amended answer is docketed at ECF 98-3.[2] The Church filed an

---

[1] By Order of October 17, 2017 (ECF 17), I granted defendants' motion to dismiss the Church's claim under the Due Process Clause of the Fourteenth Amendment, and as to plaintiff's request seeking judicial review of the Board's decision of February 2017. *See also* ECF 21 (Amended Memorandum Opinion). However, I denied the motion as to all other claims. *See* ECF 17; *see also* ECF 21. Additionally, I denied defendants' "Motion to Drop the Board of Appeals of Baltimore County" from the lawsuit (ECF 9). *See* ECF 17; ECF 21.

[2] The redlined version is at ECF 98-4.

Opposition (ECF 99), accompanied by eight exhibits. ECF 99-1 to ECF 99-8. Defendants replied (ECF 100, "Reply"), supported by four additional exhibits. *See* ECF 100-1 to ECF 100-4.[3]

Defendants' Motion is fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I. Factual and Procedural Background[4]

As discussed at length in my Amended Memorandum Opinion of October 24, 2017 (ECF 21), HVBC sought a special exception to build a church on 16.6 acres of land located at 821 Shawan Road in Cockeysville, Maryland. *See* ECF 21 at 4-18. However, on February 22, 2017, a majority of the Board rejected the Church's zoning request. *Id.* at 15-17; *see also* ECF 8-2 at 131-44 ("Board's Decision").[5]

Soon after, on March 23, 2017, plaintiff initiated suit in this Court. *See* ECF 1. By Order of October 17, 2017, I denied in part and granted in part defendants' motion to dismiss. ECF 17; *see also* ECF 21. Defendants answered the Complaint on November 3, 2017. ECF 22 ("Answer"). The Answer raised 41 defenses, including assumption of risk, contributory negligence, and laches. *Id.* at 19-23.

On November 27, 2019, plaintiff filed a Motion to Strike the Answer. ECF 24; ECF 24-1 (collectively, the "Motion to Strike"). Defendants opposed the Motion to Strike. ECF 31. Plaintiff replied. ECF 34. By Memorandum (ECF 41) and Order (ECF 42) of March 29, 2018, the Court granted the Motion to Strike as to the affirmative defenses of assumption of risk, contributory

---

[3] Plaintiff's summary judgment motion (ECF 114) is also pending. But, it is not addressed in this Memorandum.

[4] I shall limit the factual and procedural background to include only matters relevant to the Motion.

[5] The Board's Decision was submitted as an exhibit to defendants' dispositive motion. *See* ECF 8-2.

negligence, and laches, "subject to the right of defendants to renew these defenses, based on a factual predicate." ECF 42. The Motion to Strike was denied in all other respects. *Id.*

Meanwhile, on December 7, 2017, the Court issued a Scheduling Order. ECF 27. The Scheduling Order set a deadline of January 8, 2018, to move "for joinder of additional parties and amendment of pleadings." *Id.* at 1. By consent, the Church requested a modification of the Scheduling Order, seeking a sixty-day extension of the discovery deadline, to August 22, 2018. ECF 43. The Court approved that motion. ECF 44. Then, on June 7, 2018, the Court issued an Amended Scheduling Order, which extended the discovery deadline to August 31, 2018. ECF 53. On June 28, 2018, the Court granted defendants' request to extend the deadline for the expert disclosure and written report of a defense expert. ECF 58. By a Second Amended Scheduling Order of July 6, 2018 (ECF 60), the Court moved the discovery deadline to October 31, 2018. ECF 61. Then, on September 17, 2018, the Court extended the discovery deadline to November 30, 2018. ECF 66. Finally, on November 26, 2018, the Court extended the discovery deadline to December 7, 2018, to allow the parties to complete depositions. ECF 88.

On January 29, 2019, over a year beyond the deadline for amending the pleadings, defendants moved for leave to amend the answer. ECF 98. They allege that, "[d]uring the course of discovery, undersigned counsel uncovered additional facts" that "have resulted in a change to a number of the Defendants' answers" to specific allegations in the suit. ECF 98-1 at 3. The Motion also adds 14 additional defenses, ECF 98-3 at 26-28:

> 41. RLUIPA violates the principal [sic] of federalism, the establishment clause of the First Amendment, Section 5 of the Fourteenth Amendment, and the Commerce Clause.[6]

---

[6] The only change in ¶ 41 is the addition of "the principal of federalism."

3

42. Plaintiff purchased 821 Shawan Road knowing that a perpetual Conservancy Area Easement covered 70% of the property, including the entire area where the Plaintiff proposed to build its Church and attendant parking.

43. Plaintiff failed to put into its Purchase and Sale Agreement for the property a contingency for extinguishment of the Conservancy Area Easement and for its obtaining a special exception.

44. Plaintiff failed to request a variance from the R.C.4 10% impermeability limitation.

45. Plaintiff failed to seek a special exception with respect to its proposed gymnasium/fellowship hall, neither of which uses appeared on the Plan that accompanied the Zoning Petition.

46. The Conservancy Area Easement was not depicted on the Plaintiff's Plan to Accompany Zoning Petition, even though the Baltimore County Zoning Checklist and the ethical requirements governing the seal of a Property Line Surveyor require that any such plan show all existing easements.

47. This case is a garden variety zoning matter which was decided by the Baltimore County Board of Appeals based upon the Plaintiff's request for zoning relief. The Defendants had no dog in this fight. The Board of Appeals was requested to essentially be the umpire of this matter, a dispute between the Plaintiff as Petitioner and the Protestants. The Board of Appeals conducted 7 days of hearings, a public deliberation, and rendered a very thorough and rational opinion in support of its denial of the Plaintiff's Request for Special Exception.

48. The Church chose to purchase the property at its present location, so any alleged deficiencies with that property were self-imposed.

49. There were many other properties in proximity to 821 Shawan or in other zoning districts that did not require a special exception and were not burdened with a conservancy area easement.

50. The Church deliberately and deceptively submitted a Petition and a Plan to accompany that Petition which did not depict or reference the existing Deed of Conservancy Area Easement which covered 70% of the property, including the entire area where the Plaintiff proposed to build its Church and attendant parking.

51. The Plaintiff has unclean hands.

52. The Board's decision speaks for itself.

53. Attacking the Board's decision with evidence obtained after the Board rendered its decision is unfair, illogical, and violates the Defendants' due process rights.

54. The BCZR are facially valid and lawful under Maryland and federal law and were lawfully applied by the Board of Appeals in this case.

## II. Legal Standards

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1)(A) states that "[a] party may amend its pleading once as a matter of course," if done within 21 days after serving the pleading. Or, "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Notably, Rule 15(a)(2) states, in part: "The court should freely give leave [to amend] when justice so requires." *Id.*

When a party seeks to amend after the expiration of a deadline set forth in a scheduling order, Rule 16(b)(4) is implicated. Rule 16(b)(4) states that a scheduling order may be modified "only for good cause and with the judge's consent." *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 299 (4th Cir. 2008) (upholding district court's application of Rule 16(b) to defendant's motion for leave to amend his answer).

At this juncture, the defendants must do more than satisfy the liberal standard for amendments set forth in Fed. R. Civ. P. 15(a). The defendants must first meet the requirements of Fed. R. Civ. P. 16(b)(4). "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison*, 535 F.3d at 298; *see also Cook v. Howard*, 484 F. App'x 805, 814-15 (4th Cir. 2012) ("[U]nder Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment."); *Humane Soc'y of the United*

*States v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, DKC-13-1822, 2016 WL 3668028, at *2 (D. Md. July 11, 2016) ("Plaintiffs must do more than satisfy the liberal standard of Fed. R. Civ. P. 15(a); they must first meet the mandates of Fed. R. Civ. P. 16(b)(4), which calls for 'good cause' to modify a scheduling order."); *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 519-20 (D. Md. 2014) (applying a two-prong test under Rules 16(b)(4) and 15(a) in analyzing an untimely motion for leave to amend).

The "burden for demonstrating good cause rests on the moving party." *United States v. Hartford Accident & Indemnity Co.*, JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016). In order to demonstrate good cause, the party seeking relief must "'show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'" *Cook*, 484 F. App'x at 815 (alterations in *Cook*) (quoting 6A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1522.2 (3d ed.)).

In determining whether the moving party has met its burden to show good cause, courts may consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat*, 993 F. Supp. 2d at 520 (citing *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010)). If the movant "'was not diligent, the inquiry should end.'" *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995) (emphasis omitted); *see, e.g.*, *CBX Techs., Inc. v. GCC Techs., LLC*, Civil No. JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (denying motion to amend the complaint because the

plaintiff's "failure to anticipate" its needs was "of its own doing and not the fault of any other entity"), *aff'd*, 533 F. App'x 182 (4th Cir. 2013).

Given the heavy caseloads of district courts, the judges require the effective case management tools provided by Rule 16. And, when a movant fails to satisfy Rule 16(b), the court need not consider Rule 15(a). In *Nourison*, 535 F.3d at 299, the Court said: "Because we sustain the District Court's application of Rule 16(b), there is no cause for us to address the Court's finding that amendment would be futile, which is a Rule 15(a) consideration." *See also Humane Society*, 2016 WL 3668028, at *6 ("Because Plaintiffs lack good cause for modifying the scheduling order under Rule 16(b), their remaining arguments in support of leave to amend under Rule 15 need not be considered."); *Marcum*, 163 F.R.D. at 254 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.").

If the movant shows good cause for modification of the scheduling order, the inquiry shifts to Rule 15(a). Rule 15(a)(2) states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). Under Rule 15(a), the district court has "broad discretion concerning motions to amend pleadings[.]" *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam); *see also Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 426-29 (4th Cir. 2006) (en banc). A district court may deny a motion to amend for reasons "'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment.'" *Booth*, 337 F. App'x at 312 (quoting *Foman*, 371 U.S. at 182).

7

Under Rule 15(a)(2), "prejudice means that the party opposing the amendment would be hindered in the preparation of its case, or would have been prevented from taking some measure in support of its position." 61A AM. JUR. 2d, Pleading § 723. Courts may find undue prejudice sufficient to justify denying leave to amend if a new claim or defense would force the non-moving party to "expend significant additional resources to conduct discovery and prepare for trial," would "significantly delay the resolution of the dispute," or would "prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.*; *see also Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 301 (D. Md. 2009) (concluding that amendment "may prejudice the non-moving party when the motion would shift the theory of the case, thereby rendering the non-moving party's prior discovery a misdirected use of resources and compelling the non-moving party to engage in costly additional discovery"). "An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427 (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. denied*, 448 U.S. 911 (1980)).

Rule 16(b)(4) may appear at odds with Rule 15(a)(2). In *Nourison*, 535 F.3d at 298, the Fourth Circuit explained:

> There is tension within the Federal Rules of Civil Procedure between Rule 15(a) and Rule 16(b) . . . . Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001). On the other hand, Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge."

With this framework, I turn to analyze the rules as they apply here.

### III. Discussion

To reiterate, suit was initiated in March 2017. ECF 1. In January 2019, nearly two years after the suit was filed, and over a year after the deadline for amending the pleadings, as set forth in the Scheduling Order of December 7, 2017 (ECF 27), defendants filed the Motion.

Defendants argue in their Motion that the Court should accept their additional defenses because, "[d]uring the course of discovery, undersigned counsel uncovered additional facts that were not known at the time that the Defendants filed their original Answer. These additional facts have resulted in a change to a number of the Defendants' answers to the allegations in the 352 paragraphs of the Complaint . . . ." ECF 98-1 at 3. Defendants assert that, in keeping with Rule 15(a)(2), "justice so requires" that they be allowed to amend their Answer after an extensive discovery period. *Id.* at 5. In particular, defendants point to the Court's determination that defenses previously stricken from the suit may be renewed "'based on a factual predicate.'" *Id.* at 6 (quoting ECF 42). Defendants claim to have uncovered such factual predicates in discovery, and request, *inter alia*, renewal of the defenses of assumption of risk, contributory negligence, and illegality. ECF 98-1 at 6.

In its Opposition, the Church underscores that defendants' Motion "was filed more than a year after the deadline designated in the Scheduling Order, contains no factual predicates for its new defenses, makes copious changes based on facts Defendants previously knew, and prejudices Plaintiff with denials that would have impacted how Plaintiff conducted discovery." ECF 99 at 2. The Church claims that defendants have not demonstrated good cause. *Id.* at 4-5; *see Hartford Accident & Indemnity Co., supra*, 2016 WL 386218, at *5.

According to HVBC, defendants delayed amendment even though the "factual predicates" for defendants' additional defenses allegedly were known or "within Defendants' possession and

control" prior to discovery. ECF 99 at 7. Further, the Church avers that, if granted, the Motion would unduly prejudice the Church because it was filed after discovery and would require the parties to undertake additional discovery. *Id.* at 12-13. Moreover, the Church claims that the Motion fails under Rule 15(a)(2), because "many of Defendants' additional defenses and amended answers are futile." *Id.* at 15.

In their Reply, defendants assert that their affirmative defenses of assumption of risk and contributory negligence rest on "the attached disclosure and report of Michael Schleuper, the Defendants' Real Estate/Title Expert." ECF 100 at 3. Schleuper's testimony "indicated that the Church had 'assumed the risk' of building the church, and therefore, had negligently created its own dilemma by purchasing the property in the face of numerous legal and factual obstacles." *Id.* Defendants reasserted the defense of illegality on the grounds that building a church "entirely within the confines" of the Conservancy Area Easement would be a "legal violation." *Id.* Defendants also claim that, because the original December 2017 Scheduling Order was subsequently amended multiple times for "good cause," the Court need not analyze the facts of this case under Rule 16(b)(4). *Id.* at 4. And, defendants cite a "barrage of disproportionate discovery" continuing after the discovery deadline as grounds to permit an amended answer. *Id.*

The discovery deadline was amended several times. But, defendants overlook that these extensions pertained only to discovery, and did not extend the deadline to amend pleadings.

As noted, when "the deadlines provided by a scheduling order have passed, the good cause standard" applicable to modifications of scheduling orders under Fed. R. Civ. P. 16(b)(4) "must be satisfied to justify leave to amend the pleadings." *Nourison*, 535 F.3d at 298; *see also Cook*, 484 F. App'x at 814-15. In analyzing the issues here, the case of *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618 (D. Md. 2003), is informative.

10

In *Odyssey*, just one week beyond the deadline for joinder as set forth in the scheduling order, the plaintiff filed a conditional motion for leave to file an amended complaint, seeking to add two defendants in the event that the court granted the defendant's pending summary judgment motion. *Id.* at 630-31. The only explanation offered by the plaintiff for the out-of-time filing was that the plaintiff's counsel had "'overlooked'" the schedule. *Id.* at 632. In light of the court's denial of the defendant's summary judgment motion, Judge Chasanow denied as moot the request for leave to amend. But, she noted that she would not "have allowed" plaintiff to amend the complaint to add new parties under Rule 16(b) "at this late date . . . ." *Id.* at 631.

Judge Chasanow explained: "Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'" *Id.* at 632 (quoting *West Virginia Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D. W. Va. 2001)). She added, 262 F. Supp. 2d at 632: "The tardiness is particularly egregious given that [the plaintiff] was put on notice as early as January 2002 that [the defendant] would assert that [another entity] was the proper defendant in the case." *See also Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013) (stating that "'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief'") (quoting *CBX Techs., Inc.*, 2012 WL 3038639, at *4); *Sharkey IRO/IRA*, 263 F.R.D. at 301 (concluding that "undue delay [in the filing of a motion to amend] may exist when there is no reasonable justification for a delay between the moving party becoming aware of the need to alter the complaint and the actual filing of the motion to amend").

Judge Chasanow's decision in *Humane Society*, 2016 WL 3668028, is also instructive. There, the plaintiffs filed suit against their insurer for failure to provide coverage. *Id.* at *1. Notably, the plaintiffs sought leave to amend the complaint nearly two months after the deadline in the scheduling order. *Id.* But, the motion to amend failed to address the burden imposed

11

under Rule 16(b). *Id.* at *4. Rather, the plaintiffs addressed Rule 16(b) for the first time in their reply.

The court noted, *inter alia*, that because the plaintiffs' "contentions appear for the first time in their reply brief, the court is inclined not to consider them." *Id.* (citing *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006)) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered."). The court observed that the failure to address Rule 16(b) in the motion to amend was "a sign of a lack of diligence—without which the court is hard-pressed to conclude that good cause exists to modify the scheduling order." *Id.* (citing *Rassoull*, 209 F.R.D. at 374).

The court emphasized that the plaintiffs' *motion* "must demonstrate that the reasons for their delay justify a departure from the rules set by the court in the scheduling order." *Id.* at *4. The court noted that the deadline to amend a pleading had not been extended, the facts underlying the plaintiffs' motion to amend were long known to the plaintiffs, and yet the plaintiffs sought leave to amend approximately two months after the deadline to do so. *Id.* at *5. Accordingly, the court denied the motion to amend because the plaintiffs failed to establish good cause for modification of the scheduling order under Rule 16(b). *Id.* at *6.

Defendants have not established good cause for leave to amend. In the Motion, defendants refer to new evidence produced during discovery, but do not identify the new evidence until their Reply. Even there, however, they provide new evidence only as to their reassertion of the defenses of assumption of risk and contributory negligence. ECF 100 at 3; *see also* ECF 98-3 at 22, ¶¶ 5, 6. Specifically, defendants cite the disclosure and report of their own expert witness, Michael Schleuper. ECF 100 at 3; *see also* ECF 100-1.

However, according to the proposed amended answer, the reasserted defenses are "based on factual predicate as set forth in defenses 29 and 42-54[,]" which are new defenses. ECF 98-3 at 22, ¶¶ 5, 6. Yet, with one exception, those newly added defenses do not arise from new facts learned during discovery. As to the one exception, the Church concedes that "Defense #43 does reflect new facts Defendants learned in discovery." ECF 99 at 9. Nevertheless, it argues that the defense has been asserted "so late as to be prejudicial to the Church." *Id.*

Defenses 44 and 45 illustrate plaintiff's point that the proposed defenses do not arise from newly discovered facts. These defenses assert that the Church failed both to "request a variance from the R.C.4 10% impermeability limitation" and to "seek a special exception with respect to its proposed gymnasium/fellowship hall, neither of which uses appeared on the Plan that accompanied the Zoning Petition." ECF 98-3 at 26. But, on March 23, 2017, a month before this suit commenced, the Board of Appeals of Baltimore County issued a decision addressing the Church's proposal regarding the R.C.4 10% impermeability limitation as well as the proposed gymnasium/fellowship hall. *See* ECF 114-5 at 8-13, 16-18. Therefore, defendants were well aware of both issues when they filed their Answer, and any failure to address them at that time results from defendants' lack of diligence, not from any new evidence produced in discovery.

Likewise, Defense 53 does not arise from new evidence. It states that the Church may not "attack[] the Board's decision with evidence obtained after the Board's decision." ECF 98-3 at 28. Yet, during discovery, defendants raised this issue, and the Court rejected it. *See* ECF 46-1 (defense memorandum) at 4 ("Plaintiff should not be allowed to attack the Board's decision with evidence that was not presented to the Board."), rejected by ECF 49 (Memorandum) at 12 (noting that, as a RLUIPA/First Amendment lawsuit, the federal case "is not limited to the evidence presented to the Board" in a zoning matter).

13

Furthermore, the Church's Opposition cites to specific evidence in the record supporting its assertion that defendants rest their proposed amendments on facts that they have possessed for some time. *See* ECF 99 at 7-11. Yet, in their Reply, defendants do not address these contentions. ECF 100. Instead, they cite the Court's willingness to amend the Scheduling Order on past occasions, and to the "extensive, complex discovery and motions" of the case. *Id.* at 4. That defendants point to the "massive amount of discovery" as their main stumbling block, while failing to address the concrete evidence offered by plaintiff, itself suggests a lack of diligence. *Id.*

HVBC also challenges many of the changes that defendants wish to make to their answers to particular paragraphs of the Complaint. The Church objects on several grounds, including the futility of defendants' proposed changes; defendants' undue delay in responding to matters concerning facts that have been in their possession since the suit commenced; defendants' bad faith; and the undue prejudice created by amendments that would require additional discovery by HVBC. For example, the Church claims that "[i]n Answers ¶¶ 178 and 179, Defendants claim 'Insufficient Information without a transcript', but this information was contained within the Administrative Law Judge's decision of January 5, 2015, which Defendants always had in their possession." ECF 99 at 9. The Church is correct—this information is contained in the decision of January 5, 2015. *See* ECF 114-4 at 3-5. And, defendants do not need a transcript to glean from the decision the facts contained within the Complaint.

Similarly, the Church argues, ECF 99 at 11:

In ¶ 70 of its Complaint, the Church stated "The Church also continued its search for a home"; Defendants denied this (changing from its initial response of "Insufficient Information"), responding, "The Church already has a home." The Defendants, which are fully aware that the Church seeks a new home to better serve its religious community—the very crux of this litigation—is acting in bad faith with frivolous statements like this.

Finally, HVBC lists thirty-three "allegations that would require additional discovery based on Defendants' edited Answers." *Id.* at 13 n.1. For example, *id.* at 13:

> In Answer ¶ 224, Defendants now deny that Section 1A03.4B.3 of the BCZR is the only applicable zoning provision regulating impermeable surface [sic]. The Board denied Plaintiff's petition basd on its proposed use of porous paving to satisfy 1A03.4B.3. Plaintiff conducted discovery in relation to this section of the BCZR only. If Defendants are now claiming there is another applicable section of the BCZR that implicates impermeable surface at this late stage, Plaintiff is prejudiced without additional discovery on this point.

*Accord* ECF 1, ¶ 224; ECF 98-4 at 13.

Given that defendants' amendments were made after the conclusion of discovery, and because the Church may not be able to respond adequately without additional discovery, the amendments may be unduly prejudicial to the Church. *Cf. Laber*, 438 F.3d at 427 ("An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." (citing *Davis*, 615 F.2d at 613)).

In my view, defendants have not shown good cause to amend at this juncture. Because they do not satisfy Rule 16(b), I need not consider their arguments in support of leave to amend under Rule 15. *See Nourison*, 535 F.3d at 299; *Humane Society*, 2016 WL 3668028, at *6; *Marcum*, 163 F.R.D. at 254. In any event, I conclude that defendants have not satisfied the standards of Rule 15(a), given the undue delay in the filing of the Motion and the prejudice to plaintiff.

Nevertheless, I have reviewed all of the amended answers to the paragraphs of the original Complaint, and I will permit some of the amendments. Specifically, I will allow amendments to earlier denials or assertions of inability to answer due to insufficient information, to the extent that the proposed response is now an admission. Such amendments are not prejudicial to plaintiff and will perhaps promote judicial economy.

Moreover, my ruling as to proposed additional defenses does not preclude the Court from considering negative defenses. In contrast to an affirmative defense, a negative defense is one that denies or "directly contradict[s] elements of the plaintiff's claim for relief." 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1270 (3d ed.). Although "a failure to raise an affirmative defense in the appropriate pleading results in the loss of that defense," a defendant generally need not raise a negative defense in its answer to avoid waiver. *RCSH Operations, L.L.C. v. Third Crystal Park Assoc.*, 115 F. App'x 621, 629 (4th Cir. 2004); *see also* Fed. R. Civ. P. 8(c) (listing eighteen avoidances and affirmative defenses); *Nyberg v. Portfolio Recovery Assocs., LLC*, No. 3:15-CV-01175-PK, 2016 WL 3176585, at *3 (D. Or. June 2, 2016) ("Unlike affirmative defenses, negative defenses typically do not have to be pled to avoid waiver."). As always, the Court endeavors to apply the law, without regard to whether it is asserted in an Answer.

Moreover,

### IV. Conclusion

For the reasons stated above, I shall GRANT in part and DENY in part the Motion for Leave.

An Order follows, consistent with this Memorandum.

Date: July 17, 2019 _____/s/_____
Ellen L. Hollander
United States District Judge

16